**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036, <br><br> and <br><br> STEPHEN ABRECHT, RODERICK S. BASHIR, APRUL VERRETT, CHRISTOPHER BOUVIER, THOMAS LAMARTINA, EDWARD J. MANKO, JOHN J. SHERIDAN, FRANK A. MAXSON, LAPHONZA BUTLER, DAVID HUERTA TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 1800 Massachusetts Ave, Suite 301 Washington, D.C. 20036, <br><br> Plaintiffs, <br><br> v. <br><br> JEWISH SENIOR LIVING GROUP d/b/a HEBREW HOME FOR THE AGED, DISABLED 302 Silver Avenue San Francisco, CA 94112 <br><br> Defendant. | Case No: 1:19-cv-2924 <br><br> **Additional Required Service under 29 U.S.C. § 1132(h) to:** <br><br> **U.S. Department of Labor** **Attn: Assistant Solicitor**   **for Plan Benefits Security** **200 Constitution Ave., N.W.** **Washington, DC 20210** <br><br> **U.S. Department of Treasury** **Attn: Secretary of the Treasury** **1500 Pennsylvania Avenue, NW** **Washington, D.C. 20220** |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, ATTORNEY'S FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought by an employee benefit plan, and by the Trustees of

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee

1

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and audit fees owed by the Defendant.

2.  Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.  Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.  Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

**Parties**

5.  Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.      Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, April Verrett, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, Laphonza Butler, and David Huerta are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7.      Defendant Jewish Senior Living Group d/b/a Hebrew Home for the Aged, Disabled ("Jewish Senior Living") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8.      Upon information and belief, Defendant Jewish Senior Living is a corporation incorporated in the state of California, with a mailing address of 302 Silver Avenue, San Francisco, California 94112.

## Factual Background

9.      At all relevant times, Service Employees International Union United Healthcare Workers' West, CTW, CLC ("the Union") has been the exclusive bargaining representative for all housekeeper, food service, laundry, maintenance, chauffeur, gardener, licensed vocational nurse, and certified nursing assistant employees employed by Defendant.

10.     At all relevant times, Jewish Senior Living was party to a collective bargaining agreement with the Union. Jewish Senior Living entered into a collective bargaining agreement ("2007 CBA") effective for the period of July 1, 2007 through June 30, 2010. A true, correct and

complete copy of the 2007 CBA is attached as Plaintiffs' Exhibit 1. Jewish Senior Living entered into a successor collective bargaining agreement ("2010 CBA") with the Union on July 1, 2010 effective through July 1, 2013. A true, correct and complete copy of the 2010 CBA is attached as Plaintiffs' Exhibit 2. Pursuant to Article I, Section 2 of the 2010 CBA, the agreement automatically renewed each year unless terminated or modified by written notice by either party. Ex. 1, Art. I, Sec. 2.

      11.    Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement. Here, the 2007 and 2010 CBAs state that the "Employer agrees to make periodic contributions on behalf of eligible employees covered by this Collective Bargaining Agreement to the Service Employees International Union National Industry Pension Fund." Exs. 1 & 2, Art. X, Sec. 1. Pursuant to the 2007 CBA, Defendant was obligated to remit contributions to the SEIU Pension Fund for its covered employees at a rate of $0.50. Ex. 1, Art. X, Sec 3. Pursuant to the 2010 CBA, Defendant was obligated to remit contributions at rate of $0.50 per compensated hour beginning July 1, 2010. This rate increased to $0.55 per hour as of July 1, 2011. Ex. 2, Art. X, Sec. 3.

      12.    Pursuant to the 2007 and 2010CBAs, Jewish Senior Living "agree[d] to be bound by the provisions of the Agreement and Declaration of Trust establishing the Fund, as it may, from time to time, be amended, and by all the resolutions and rules adopted by the Trustees pursuant to the powers delegated to them by that Agreement, including collection policies, receipt of which is hereby acknowledged." Exs. 1 & 2, Art. X, Sec. 4. A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 3. Pursuant to Section 5.1(22) of the Trust

Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 3 at Section 5.1(22). Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 4.

13. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 3, Sec. 3.1.

14. Section 5 of SEIU Pension Fund's Trust Agreement and Section 4 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 3, Sec. 5; Ex. 4, Sec. 4.

15. Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 3, Sec. 3.2; Ex. 4, Sec. 5.

16. Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 ("PPA"), the

SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016 and April 28, 2017. Copies of these letters are attached as Plaintiffs' Exhibit 5.

17. For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 6.

18. Defendant is obligated to remit supplemental contributions according the Preferred Schedule pursuant to the Fund's Rehabilitation Act.

19. During the period of January 2010 through December 2011 Defendant has failed to remit certain contractually required contributions and has failed to pay certain interest charges, liquidated damages, and supplemental contributions due under the PPA to the SEIU Pension

Fund.

## COUNT I – Amounts Owed Pursuant to Audit

20. Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

22. Defendant is obligated, pursuant to the 2007 and 2010 CBAs, to provide contributions to the SEIU Pension Fund on behalf of its covered employees. Defendant has failed and refused to fulfill its contractual obligations for owed contributions, resulting interest and liquidated damages, and PPA supplemental contributions, as demonstrated by a payroll audit conducted on Defendant by the SEIU Pension Fund for the calendar years 2010 through 2011 and later revised. The audit, as revised, revealed that Defendant owes contributions, interest, and liquidated damages to the SEIU Pension Fund. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Fund's governing documents. A copy of the initial 2010-2011 Audit is attached as Plaintiffs' Exhibit 7. A copy of the revised 2010-2011 Audit is attached as Plaintiffs' Exhibit 8.

23. The initial 2010-2011 Audit revealed that Defendant owes $86,058.29 in contributions, $60,748.36 in interest through June 18, 2017, $4,756.26 in liquidated damages, $2,066.75 in audit testing fess, $9,031.09 in supplemental contributions, and $1,715.90 in surcharges to the SEIU Pension Fund for the calendar years 2010 through 2011. Ex. 8. The audit also found an overpayment of $358.70. *Id.* Jewish Senior Living owed a total of $164,017.95 pursuant to the 2010-2011 Audit, with additional interest accruing from June 18, 2017 at a rate of $26.06 per day. *Id.*

24. Upon Jewish Senior Living's request and after extended correspondence between the parties including the submission of additional information by Defendant, a revised 2010-2011 revealed that Defendant owes $60,744.08 in contributions, $52,699.61 in interest through June 16, 2019, $3,253.52 in liquidated damages, $2,066.75 in audit testing fees, and $7,722.05 in supplemental contributions, and $514.36 in surcharge contributions to the SEIU Pension Fund for the calendar years 2010 through 2011. Ex. 8. Jewish Senior Living owes a total of $127,000.37 pursuant to the revised 2010-2011 Audit. *Id.* Interest continues to accrue from June 16, 2019 at a rate of $17.83 per day. *Id.* Therefore, through September 27, 2019, Jewish Senior Living owes an additional $1,818.66 in interest.

25. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

26. Prior to commencing this lawsuit, the SEIU Pension Fund sent multiple emails and a letter both electronically and by mail and also left multiple voice messages with the Defendant in efforts to obtain the outstanding amounts due from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages, interest, and audit testing fees due to the SEIU Pension Fund

27. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's

failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in remitting owed contributions, interest, liquidated damages, and PPA surcharges to the SEIU Pension Fund pursuant to the Collective Bargaining Agreements;

2. Enter judgment in the amount of $127,000.37 pursuant to the revised audit conducted for the calendar years 2010 through 2011 plus additional interest accrued through the date of judgment**;**

3. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

4. Retain jurisdiction of this case pending compliance with its Orders; and,

5. Grant such relief as the Court may deem appropriate.

Respectfully submitted,

     Mary W. Thuell
Mary W. Thuell (Bar No. 1017279)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
mthuell@mooneygreen.com
Counsel for the Plaintiffs

Dated: September 30, 2019

Case 1:19-cv-02924-JDB   Document 1   Filed 09/30/19   Page 10 of 10

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 30th day of September, 2019, a true and correct copy of the foregoing **COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT TESTING FEES, ATTORNEYS FEES, AND COSTS** was served via certified mail on:

    U.S. Department of Labor
    Attn: Assistant Solicitor for Plan Benefits Security
    200 Constitution Ave., N.W.
    Washington, DC 20002

    U.S. Department of Treasury
    Attn: Secretary of the Treasury
    1500 Pennsylvania Avenue, NW
    Washington, D.C. 20220

                                                              _____/s/ Mary W. Thuell_____